UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:07CV-382-R

DONALD FITZGERALD                                                                              PLAINTIFF

v.

CITIBANK S.D., N.A., et al                                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on the Motions to Dismiss filed by Citibank S.D., N.A. ("Citibank"), Donna Pearson ("Ms. Pearson"), Mapother & Mapother, P.S.C. ("Mapother") (also on behalf of attorneys Christine D. Campbell, Mervin W. Warren, Jr., Heather R. Peters, and Kenneth G. Belt), John Harrison ("Mr. Harrison"), and John Aubrey ("Mr. Aubrey") (Docket Nos. 4, 5, 6, 7, 8). The Plaintiff, Donald Fitzgerald ("Mr. Fitzgerald") filed a response to John Harrison's Motion to Dismiss (Docket #9). Mr. Fitzgerald filed Motions to Strike the Motions to Dismiss filed by Citibank, John Aubrey, and Mapother (Docket Nos. 20, 21, 27). For the following reasons, the Defendants' Motions to Dismiss are **GRANTED.**

**BACKGROUND**

On June 2, 2005, Citibank sent Mr. Fitzgerald's delinquent credit card account to Mapother for collection. At Citibank's request, Mapother filed a complaint in the Jefferson Circuit Court on August 16, 2005. The Complaint sought the amount that Citibank's records indicated to be due on Mr. Fitzgerald's credit card account, which was $12,155.61, plus interest at the rate of 12 % per annum and court costs. Mr. Fizgerald signed a "green card" acknowledging receipt of service via certified mail. Mr. Fitzgerald did not file any pleadings in response to Citibank's complaint, and on October 5, 2005, the Jefferson Circuit Court entered a default judgment against Mr. Fitzgerald in the amount requested by Citibank.

On December 5, 2006, Mr. Fitzgerald filed a "Counter Claim" in the Jefferson Circuit Court, and on December 14, 2006, he filed an Affidavit to Challenge Garnishment. In his garnishment challenge, Mr. Fitzgerald disputed (1) that Citibank was authorized to engage in consumer lending or sue to recover its debt; (2) that he had a contract with Citibank; and (3) that he owed Citibank money. In his counterclaim, Mr. Fitzgerald alleged that Citibank, through Mapother, committed fraud, falsely alleged that it had a contract with him, and fraudulently alleged that he owed Citibank $12,997.

On January 7, 2007, Mr. Fitzgerald filed a Motion to Vacate alleging a "debt buying scheme" and claiming that the scheme violated federal mail fraud statutes and RICO statutes. The Jefferson Circuit Court referred Mr. Fitzgerald's Motion and garnishment challenge to the Jefferson County Master Commissioner's office for a hearing and recommendation, which was held on January 31, 2007. On February 6, 2007, the Master Commissioner, John Harrison, submitted a report to the Jefferson Circuit Court recommending the entry of an order denying Mr. Fitzgerald's motions and garnishment challenge, which the court adopted on February 8, 2007. On that same date, the Court also granted Citibank's motion to strike Mr. Fitzgerald's counterclaim.

On February 28, 2007, Mr. Fitzgerald filed additional pleadings in the Jefferson Circuit Court reiterating his previous claims. The court issued a *sua sponte* response advising Mr. Fitzgerald that his requests for relief were procedurally improper and would be remanded. On March 21, 2007, Mr. Fitzgerald submitted a "Notice" to the Jefferson County Sheriff, John Aubrey, demanding an investigation of his allegations of violations of federal mail fraud and RICO statutes. On March 23, 2007, Mr. Fitzgerald filed a "Motion for Summary Judgment" in

the Jefferson Circuit Court, outlining the "debt buying scheme" and requesting relief pursuant to federal mail fraud and RICO statutes. On April 16, 2007, after oral arguments, the court stuck Mr. Fitzgerald's motion from the record.

On April 30, 2007, Mr. Fitzgerald filed a "Notice of Appeal" challenging the Circuit Court's decision to grant the default judgment on October 5, 2005, and asserting he had never been served. On May 9, 2007, the Kentucky Court of Appeals issued a *sua sponte* order directing Mr. Fitzgerald to show cause why his appeal should not be dismissed as untimely. Mr. Fitzgerald filed a response on May 10, 2007, stating that he did not timely receive notice of the judgment. The court did not accept this argument, and on June 12, 2007, it entered an order dismissing Mr. Fitzgerald's appeal for being untimely filed.

On July 23, 2007, Mr. Fitzgerald filed a complaint in this Court against Citibank, Mapother, John Aubrey, John Harrison, Donna Pearson, Kenneth G. Belt, Christine D. Campbell, Mervin W. Warren, Jr., and Heather R. Peters, alleging that the Defendants participated in a "debt buying racket." Specifically, the complaint alleges that Mapother is engaged in a debt collection fraud racket, and its attorneys Christine Campbell, Mervin W. Warren, Kenneth Belt, and Heather Peters are actors in the racket. The complaint alleges that Mr. Fitzgerald received mail from Citibank, sent by Donna Pearson, that Ms. Pearson knew was false. The complaint alleges that Deputy Master Commissioner John Harrison "filed a prejudged and misleading report into the county records of Jefferson County, Kentucky." The complaint does not make any specific allegations against Sheriff John Aubrey.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

**1. Mr. Fitzgerald's claims against Citibank, Mapother, and the Mapother attorneys**

Both Citibank and Mapother have moved to dismiss Mr. Fitzgerald's complaint because it fails to sufficiently plead the elements of a civil RICO claim. The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968 prohibits certain conduct involving a "pattern of racketeering activity." § 1962. One of RICO's enforcement mechanisms is a private right of action, available to "[a]ny person injured in his business or property by reason of a violation" of the Act's substantive restrictions. § 1964(c). Although Mr. Fitzgerald cites sections 1961 and 1962 of this statute, he has failed to plead any of the requisite elements. Because the Court finds that Mr. Fitzgerald has failed to sufficiently allege a pattern of

racketeering activity, the Court finds it unnecessary to address Citibank and Mapother's other grounds for dismissal.[1]

A person alleging a violation of the RICO act must demonstrate "1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to his business or property by reason of the above. *Frank v. D'Ambrosi*, 4 F.3d 1378, 1385 (6th Cir. 1993) (citing *Beneficial Standard Life Ins. Co. v. Madariaga*, 851 F.2d 271, 274 n.5 (9th Cir. 1988)). In this case, the Court finds that Mr. Fitzgerald has failed to present any of the four elements.

### A. Predicate offenses requirement

"Only those acts itemized in 18 U.S.C. § 1961(1) can constitute predicate offenses for RICO violations." *D'Ambrosi*, 4 F.3d at 1385. In his complaint, Mr. Fitzgerald alleges a violation of the federal mail fraud statute, 18 U.S.C. § 1341, which is listed as a predicate offense under § 1961(1). However, the Court finds that Mr. Fitzgerald did not adequately support that claim.

FED. R. CIV. P. 9(b) provides that in a complaint alleging fraud, "the circumstances constituting fraud . . . shall be stated with particularity." The Sixth Circuit reads rule 9(b)'s requirement "liberally, . . . requiring a plaintiff, at a minimum, to allege the time, place, and

---

[1] Citibank and Mapother have also both argued that Mr. Fitzgerald's claims against them should be dismissed on other grounds. Both argue that the claims are barred by res judicata because Mr. Fitzgerald previously made essential the same factual allegations against them in the state court action, detailed above. Both argue that this Court lacks jurisdiction to hear Mr. Fitzgerald claims under the Rooker-Feldman doctrine. Further, Citbank argues that Mr. Fitzgerald has failed to plead the elements of mail fraud (a claim connected to his RICO claim) and Mapother argues that there is no private right of action for mail fraud.

content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir. 1999) (citing *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks and citation omitted)). "[A]llegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.*

The elements of mail fraud under 18 U.S.C. § 1341 "are: (1) a scheme to defraud, and (2) use of the mails, or of an interstate electronic communication, respectively, in furtherance of the scheme. *Advocay Org.*, 176 F.3d at 322 (citing *United States v. Brown*, 147 F.3d 477, 483 (6th Cir. 1998)). Here, Mr. Fitzgerald has not plead a scheme to defraud.

> A scheme to defraud consists of intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the designed end.  To allege intentional fraud, there must be proof of misrepresentations or omissions which were reasonably calculated to deceive persons of ordinary prudence and comprehension.  Thus, the plaintiffs must allege with particularity a false statement of fact made by the defendant which the plaintiff relied on.

*Id.* (citing *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389-90 (6th Cir. 1996) (internal quotation marks, modification and citations omitted)).

Mr. Fitzgerald's mail fraud allegations consist of bare statements that he "received mail from Mapother & Mapother" sent by Kenneth Belt, Christine Campbell, Mervin Warren that these Defendants "knew was false with the intention that [he] rely on the false document to the detriment of loosing [sic] over twelve thousand dollars."  He also alleges that he "received mail from Citibank...predicate actor Donna Pearson" who "uttered a document through the Untied [sic] States Mail which Donna Pearson knew was false with the intention that [he] rely on the

6

false document to the detriment of loosing [sic] over twelve thousand dollars." Further, Mr. Fitzgerald alleges that attorney Heather Peters and Master Commissioner John Harrison violated the mail fraud statute as well, but does not even indicate that these two defendants used the mails or interstate electronic communication in a scheme to defraud.

Mr. Fitzgerald has not alleged with any particularity the false statements of fact made by the Defendants upon which he relied. He does not state with any particularity the content of these allegedly fraudulent communications and has not provided the Court with any factual basis on which to rest his allegations. The Court sees no proof that these documents were anything more than normal legal and business related communications sent by Mapother, Citibank, and the other Defendants associated with those entities in an attempt to lawfully recover Mr. Fitzgerald's unpaid debt on his credit card account. This does not constitute mail fraud. Therefore, the Court finds that Mr. Fitzgerald has failed to state a mail fraud claim, and such claims such be dismissed under FED. R. CIV. P. 12(b)(6).

The Court discerns only one other predicate act alleged by Mr. Fitzgerald in his claims: the filing of a "fraudulent security instrument into the county records of Jefferson County, Kentucky." Even assuming the Court could reads this as itemized offense under 18 U.S.C. § 1961(1), a person alleging a violation of the RICO act must demonstrate that there were two or more predicate offenses in order to sustain a RICO claim. As Mr. Fitzgerald has failed to do so, he has not met the predicate offense requirement.

### B. Enterprise requirement

Mr. Fitzgerald also asserts that he has established that an enterprise exists among the Defendants. He has not. Mr. Fitzgerald has done nothing more than make broad, baseless

7

statements that he has met the requirements for pleading a RICO claim. An "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity[.]" 18 U.S.C. § 1961(4). The Court sees no evidence that Mr. Fitzgerald has satisfactorily pled that an enterprise exists.

Mr. Fitzgerald has laid out what he believes is a "debt buying racket" without connecting any of the Defendants to such a racket or providing any factual basis for his belief that this racket exists. Instead, construing the conclusory statements in the complaint in a light most favorable to Mr. Fitzgerald, he has failed to allege the existence of an enterprise, as that term is defined in the RICO Act. The allegations recited in the complaint depict not an association of individuals engaged in a pattern of racketeering activity, but rather several individuals (some lawyers at the same law firm, one an employee at Citibank, and others Kentucy state officials) involved, either directly or indirectly (or in the case of Sheriff Aubrey, not involved at all), in the State proceedings instituted against Mr. Fitzgerald in an attempt to recover the amount owed on a delinquent credit card account. *See Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 781-82 (6th Cir. 2000) (dismissing, under FED. R. CIV. P. 12(b)(6), the plaintiff's complaint which merely listed "a string of entities allegedly comprising the enterprise" and a "string of supposed racketeering activities" because the complaint did not "contain facts suggesting that the behavior of the listed entities [was] 'coordinated' in such a way that they [functioned] as a 'continuing unit'..."). This conduct is insufficient to form the basis of a claim under the RICO Act. Thus, with no alleged predicate offenses, and no alleged enterprise, it is clear that Mr. Fitzgerald "cannot prove either injury or nexus between the non-existent injury and the actions of the

non-existent enterprise." *D'Ambrosi*, 4 F.3d at 1386. Accordingly, Mr. Fitzgerald has failed to state a RICO claim and his claims under that Act should be dismissed under FED. R. CIV. P. 12(b)(6).

For these reasons, the RICO Act claims against all Defendants will be dismissed with prejudice. *White v. Clay*, 2001 WL 179376, *2 (W.D. Ky. 2001). In one portion of his complaint, Mr. Fitzgerald appears to make State law claims, but only lists a few Kentucky statutes and does not plead the elements of those statutes. Whether those claims are properly asserted if of no consequence, because in light of the Court's disposition of the federal claims in this action, it declines to address those State law claims. 28 U.S.C. § 1367(c)(3).

Mr. Fitzgerald's claims against all Defendants are dismissed under FED. R. CIV. P. 12(b)(6).

**2. Mr. Fitzgerald's claims against Donna Pearson**

Mr. Fitzgerald's only claim against Ms. Pearson, besides the general RICO allegation which this court has dismissed, is under the federal mail fraud statute. In his complaint he states regarding Ms. Pearson:

> One [sic] or about March 20th 2007 I received mail from Citibank S.D. N.A. Office of the President...predicate actor Donna. Pearson uttered a document through the Untied [sic] States Mail which Donna. Pearson knew was false with the intention that Donald C. Fitzgerald rely on the false document to the detriment of loosing [sic] over twelve thousand dollars.

As this Court has already determined that Mr. Fitzgerald has failed to state a mail fraud claim under 18 U.S.C. § 1341, his claim against Ms. Pearson under the statute must be dismissed under FED. R. CIV. P. 12(b)(6).

**3. Mr. Fitzgerald's claims against John Harrison**

The United States Supreme Court, in *Will v. Michigan Dept. Of State Police*, a case arising from the Sixth Circuit, held that a "suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989). As such, a suit against a government agent in their official capacity equates to a suit against the government agency in question, which in this case would be the Commonwealth of Kentucky. "It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages. *See, e.g., Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir.1993); *Tucker v. Ohio Dept. of Rehabilitation and Corrections*, 157 F.3d 453, 456 (6th Cir. 1998). In *Ford Motor Co. v. Department of the Treasury*, the US Supreme Court held that the Eleventh Amendment prevents an award of money damages from a state treasury even if an individual officer is named as the defendant, and not the state. *Ford Motor Co. v. Department of the Treasury*, 323 U.S. 459, 464 (1945).

John Harrison is the Jefferson County Master Commissioner, to whom the Jefferson Circuit Court referred Mr. Fitzgerald's Motion to Vacate, filed on January 7, 2006, and garnishment challenge, filed on December 12, 2006. On February 6, 2007, Mr. Harrison submitted a report to the Jefferson Circuit Court recommending the entry of an order denying Mr. Fitzgerald's motions and garnishment challenge, which the court adopted on February 8, 2007. Mr. Fitzgerald brought suit against Mr. Harrison in his capacity as a "public official" and alleges that he "filed a prejudged and misleading report into the county records of Jefferson County, Kentucky." While Mr. Fitzgerald does not elaborate, he is clearly referring to Mr. Harrison's report to the Circuit Court on February 6, 2007. In submitting that report, Mr.

Harrison was performing a judicial function of the state of Kentucky, and in performing that function he acted as an agent of the state. As such, the Eleventh Amendment bars the claims against Mr. Harrison in his official capacity. Therefore, Mr. Fitzgerald's claims against Mr. Harrison are dismissed.

**4. Mr. Fitzgerald's claims against John Aubrey**

According to the Motion to Dismiss filed by Mapother, Mr. Fitzgerald submitted a "Notice" to John Aubrey, Jefferson County Sheriff, demanding that he investigate his allegations of a debt buying racket and seeming to indicate that he could charge Mr. Aubrey with criminal sanctions for failing to do so. The Court is without further information on the matter. In the complaint, Mr. Fitzgerald lists Mr. Aubrey as a "public official," but neither makes a specific allegation against him nor alleges a set of facts to support a claim against him. Mr. Fitzgerald also did not include an allegations against Mr. Aubrey in his Motion to Strike the Motion to Dismiss. A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews,* 104 F.3d at 806. The complaint here does not just set out the allegations against Mr. Aubrey in sparse detail- it fails to set out any allegations against him at all, under any legal theory, or demand any type of relief from him. For these reasons, the claims against Mr. Aubrey must be dismissed under FED. R. CIV. P. 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Defendants' Motions to Dismiss are **GRANTED**.

An appropriate order shall issue.