# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Leonard Green
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov



Filed: June 16, 2008

Mr. Donald C. FitzGerald
815 Inverness Avenue
Louisville, KY 40214

Re: Case No. 07-6290, *Donald FitzGerald v. Citibank South Dakota, N.A., et al*
Originating Case No. : 07-00382 – R

3-

Dear Sir,

The Court issued the enclosed opinion today in this case.

Sincerely yours,

s/Audrey Crockett
Case Manager
Direct Dial No. 513-564-7032
Fax No. 513-564-7094

cc: Mr. Victoria E. Brieant
    Mr. Stuart W. Cobb
    Mr. Stephen P. Durham
    Honorable Thomas B. Russell
    Mr. Jeffrey A. Apperson

Enclosure

<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>

No. 07-6290

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 16, 2008
LEONARD GREEN, Clerk

| | |
|---|---|
| DONALD C. FITZGERALD, )<br>)<br>Plaintiff-Appellant, )<br>)<br>v. )<br>)<br>CITIBANK SOUTH DAKOTA, N.A.; )<br>MAPOTHER & MAPOTHER, P.S.C.; )<br>CHRISTINE D. CAMPBELL; MERVIN W. )<br>WARREN JR.; HEATHER R. PETERS; )<br>DONNA PEARSON; JOHN HARRISON; )<br>KENNETH G. BELT; JOHN AUBREY, )<br>)<br>Defendants-Appellees. ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY |

<u>O R D E R</u>

Before: KEITH, GRIFFIN, and GIBSON, Circuit Judges.[*]

Donald C. Fitzgerald, a Kentucky resident proceeding pro se, appeals the judgment of the district court granting defendants' motions to dismiss his complaint for failure to state a claim upon which relief can be granted. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

In 2005, defendant Citibank S.D., N.A. ("Citibank") sent Fitzgerald's delinquent credit card account to defendant Mapother & Mapother, P.S.C. ("Mapother") for collection in state court. On October 5, 2005, the circuit court entered a default judgment against Fitzgerald in the amount of $12,155.61 and subsequently entered an order to garnish Fitzgerald's wages to enforce the judgment.

---

[*]The Honorable John R. Gibson, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

More than a year later, Fitzgerald filed a "counterclaim," a challenge to the garnishment of wages, and a motion to vacate the default judgment on the basis that the judgment was procured through mail fraud, as he was not properly served with process, and that defendants violated Racketeering Influenced and Corrupt Organizations ("RICO") laws. On review, a master commissioner determined that Fitzgerald was properly served with process. Accordingly, the master commissioner recommended the entry of an order denying the motion for default judgment, the challenge to garnishment, and the counterclaim on the basis that it did not state a cause of action against defendants. A corresponding order was entered on February 8, 2007. On April 30, 2007, Fitzgerald filed a notice of appeal challenging the circuit court's prior grant of default judgment. The Kentucky Court of Appeals determined that Fitzgerald's appeal was untimely and dismissed it.

On July 23, 2007, Fitzgerald filed the instant complaint alleging that Citibank and Mapother participated in a debt collection fraud "racket," in violation of RICO laws and the master commissioner filed a "pre-judged and misleading report." The defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which were granted. Fitzgerald now appeals.

We review de novo the grant of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *See Golden v. City of Columbus*, 404 F.3d 950, 958 (6th Cir. 2005). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). To survive a motion to dismiss, a complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. *Performance Contracting, Inc. v. Seaboard Sur. Co.*, 163 F.3d 366, 369 (6th Cir. 1998).

To state a RICO claim, a plaintiff must plead the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). Racketeering activity is defined as any act that is indictable under certain provisions of the federal code or under some state laws, including the mail and wire fraud statutes. 18 U.S.C. § 1961(1). When alleging these types of fraud, Fed. R. Civ. P. 9(b) requires that a plaintiff, at a minimum, allege the time, place, and content of the alleged misrepresentation on which

he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984).

In support of his RICO allegations, Fitzgerald claims that defendants were engaged in a "scam" to collect "non-existent" debts. Fitzgerald claims that the predicate acts of this "scam" consisted of the following acts of mail fraud: Mapother's service on Fitzgerald of false legal pleadings for collection of a $12,000 debt; the filing of fraudulent security instruments in the Jefferson County Circuit Court; the master commissioner's filing of a misleading report; and Citibank's mailing of false documents to Fitzgerald. Fitzgerald did not state the contents of any of the documents he asserts were false nor the reasons for which he believes the defendants knew these documents were false other than his belief in the defendants' debt "scam."

We conclude that Fitzgerald's allegations are not sufficiently particular to allege mail fraud and, in turn, are not sufficient to state a claim of a RICO violation. *See Blount Fin. Serv., Inc., v. Walter E. Heller & Co.*, 819 F.2d 151, 152 (6th Cir. 1987). Because Fitzgerald failed to state a claim for mail fraud, he likewise failed to state a claim against Citibank and its employee for mailing Fitzgerald a document which the employee knew was false. The district court, therefore, properly dismissed Fitzgerald's claims against Citibank, Mapother, and their respective employees.

The district court also properly dismissed Fitzgerald's claims against the master commissioner. We have held that a judicial officer is entitled to absolute immunity for actions taken in his judicial capacity, unless he is acting in the complete absence of all jurisdiction. *Barnes v. Winchell*, 105 F.3d 1111, 1115-16 (6th Cir. 1997). Under Kentucky law, a master commissioner is empowered to perform judicial functions, as may be directed by an appropriate order of court. Ky. Rev. Stat. § 31A.010. Here, the Jefferson County Circuit Court assigned the master commissioner to Fitzgerald's case and his report was issued in the performance of his judicial function. Thus, he was acting within his jurisdiction and is immune from suit.

Finally, the district court properly dismissed the Jefferson County Sheriff. The record indicates that Fitzgerald did not make a specific allegation against the Sheriff, but merely demanded

that the Sheriff investigate his allegations of defendants' "scam." A private citizen, however, lacks a judicially cognizable interest in the prosecution or non-prosecution of another; there simply is no statutory, common law, or constitutional right to an investigation. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007).

For the foregoing reasons, the judgment of the district court is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk